COUNTY OF LEWIS AND CLARKE v. UNITED STATES.

(District Court, D. Montana. November 20, 1896.)

No. 58.

1. FEDERAL PRISONERS IN STATE JAILS — KEEPING AND SUBSISTENCE — STATE STATUTE.

The Montana statute provides that persons may be committed under authority of the United States to any jail in the state "upon payment of the expenses of supporting such prisoners, ten dollars per month to the county, for the use of the jail, and all legal fees to the jailer." Held, that this means $10 per month for all the prisoners so confined, and not $10 per month for each one of them.

2. SAME—EFFECT OF STATE STATUTES.

A state statute authorizing the use of county jails for the confinement of United States prisoners on certain terms as to charges and fees is not binding on the United States, as, by Rev. St. § 5547, the keeping and subsistence of such prisoners is made a matter of contract, under the control of the attorney general.

R. R. Purcell, for plaintiff.

P. H. Leslie, U. S. Atty.

KNOWLES, District Judge. This is an action brought by the county of Lewis and Clarke, state of Montana, against the United States. It was instituted for the purpose of recovering a judgment against the United States for the rent of the county jail of said county. The United States, by its attorney, demurred to the petition, alleging that it did not state facts sufficient to constitute a cause of action. The chief difficulty, perhaps, in the case arises over the construction of the following statute of the state of Montana, to wit:

"Persons may be committed under the authority of the United States to any jail in this territory upon payment of the expenses of supporting such prisoners, ten dollars per month to the county, for the use of the jail, and all legal fees to the jailer, and the sheriff shall receive such prisoners and subject them to the same discipline and treatment, and be liable for any neglect of duty, as in the case of other prisoners; but the county, in no case shall be liable for the escape of such prisoner or prisoners." Comp. St. § 1275.

By the constitution of Montana the term "territory" in this statute was changed to that of "state." It is claimed that the $10 per month in this statute means $10 per month for each and every United States prisoner confined in any county jail. This meaning is only reached by the adding of additional words to the statute. It cannot be derived from the words as originally used in the statute. There is no such ambiguity in the statute as would, in my opinion, justify any court in adding any terms to the same. If the court should resort to the construction placed upon the statute by those who have been called to act thereunder, I think no such construction as is claimed was ever put upon its terms. The statute provides that persons may be committed to such jail. There is a provision providing for the payment of "the expense of supporting such prisoners" as may be confined in such jail, and then it is provided that there shall be paid "ten dollars per month to the county for the use of the jail." This evidently means for the use of the jail for the persons committed to it and for the prisoners confined in it, not for each person committed or confined. Again, this statute would not bind the United States, unless it in some way consented to its provisions. There are no allegations in the petition showing such consent. It seems to be assumed that the United States would be bound by the provisions of this statute in all cases. Section 5547, Rev. St. U. S., provides:

"The attorney general shall contract with the manager or proper authorities having control of such prisoners for the imprisonment, subsistence and proper employment of them and shall give the court having jurisdiction of such offenses notice of the jail or penitentiary where such prisoners shall be confined."

In the preceding section of said statute it is provided that a court may sentence a criminal, when no United States jail or penitentiary is provided, to such state or territorial jail or penitentiary as the attorney general of the United States shall designate. It is evident from these two sections that it is expected the United States, by its attorney general, shall contract for the keeping and custody, under certain circumstances, of United States prisoners, in some state or territorial jail or penitentiary. It was not con-

templated that any state or territory by a statute could dictate to the United States what it should pay for the rent of any county jail. What the United States must pay for the rent of any jail must rest in contract, express or implied. No such contract is set forth in the petition. The demurrer is therefore sustained.